Commonwealth *v.* Wormsley, Appellant.

*W. N. Butler, R. J. Knox* and *Frank R. Steward,* for appellant.

*Warren S. Burchinal,* District Attorney, with him *Donald R. Hart,* Assistant District Attorney, for the Commonwealth.

PER CURIAM, December 6, 1928:

Counsel were appointed under the Act of March 22, 1907, P. L. 31, to represent defendant; he was found guilty of murder of the first degree, and the jury fixed death as the penalty. A new trial was refused by the court below, and defendant was sentenced on the verdict. His two counsel filed an appeal, which they now ask permission to discontinue.

In support of their petition for leave to withdraw the appeal, counsel aver that it was taken on assurances from relatives of defendant that they would pay an attorney's fee and the expenses connected with its prosecution, which they have failed to do. Petitioners, having been appointed by the court to represent defendant, had a duty to appeal if they considered that course essential to protect his rights, and the fee paid them by the county must be their exclusive compensation; under the circumstances, they had no right to contract with others for fees and expenses. The Act of 1907, supra, specially provides for the payment of "all [proper] personal and incidental expenses" incurred by counsel in such cases, and the costs of the appeal "including the cost of printing the paper book" (which, in this connection, we have always construed to comprehend the record and brief), can be collected from the county under the Act of June 3, 1911, P. L. 627.

Upon the trial, defendant offered neither himself nor other witnesses; but several points for charge were submitted, all of which were affirmed without qualification, except one, where a proper explanation of the meaning of the words used was added. Counsel for defendant were asked by the trial judge, before the jury retired, whether anything had been overlooked in submitting the case, and they suggested a restatement as to certain testimony alleged to have been insufficiently detailed; further explanation, as requested, was then given by the court.

Defendant moved for a new trial on the ground that the verdict was against the law and the weight of the evidence; at the same time, he complained of the admission of certain confessions and of statements by the trial judge on legal aspects of the case, particularly as to the meaning of "reasonable doubt" and concerning the proof necessary to convict of first degree murder.

An examination of the entire record, including the evidence, discloses no error in the admission or rejection of testimony, nor can any just complaint be made of the instructions contained in the charge, which were both adequate and legally accurate. The facts necessary to a conviction of murder of the first degree were plainly established, and the verdict rendered was fully warranted by the evidence. In short, we have reviewed both the law and the evidence, as required by the Act of February 15, 1870, P. L. 15, and find nothing which would warrant interference with the judgment entered.

In view of our conclusion that defendant's guilt of murder of the first degree was clearly proved, and that no trial errors appear, leave is granted to discontinue the appeal.

It is directed that the record be remitted for the purpose of execution.