## Commonwealth v. Briscoe

*William J. MacCarter, Jr.*, district attorney, and *Louis A. Bloom*, assistant district attorney, for Commonwealth.

*E. Leroy Van Roden* and *Harry Goldbacher*, for defendant.

MACDADE, J., December 28, 1932.—This defendant, Walter Briscoe, being confined in the county jail and charged with murder did, on July 29, 1932, petition this court that he was in destitute circumstances and wholly without funds to employ counsel to represent and to defend him at the trial of his cause, which application in due legal course was granted (Broomall, J.) and E. Leroy Van Roden, Esq., a very capable barrister, was duly appointed, who subsequently ably and with consummate skill defended defendant at the latter's trial in October and, by his untiring efforts, saved the defendant's life. The slaying of the latter's victim was a wilful, deliberate and premeditated murder, but, inasmuch

as the jury believed that the defendant's mind was hazy and impaired by reason of the frequency of epileptic fits (to which this defendant was subjected and which apparently impaired his body, although he was not in the throes of an epileptic fit at the time of the slaying), they determined to find him guilty and recommended life imprisonment as the penalty therefor. Sentence was duly imposd by committing the defendant to the Eastern Penitentiary.

The act of assembly under which the above petition was presented was that of March 22, 1907, P. L. 31, sec. 1, 19 PS § 784. It provides as follows:

"Whenever any person, being under indictment, charged with murder, shall make and file with the clerk of the court of quarter sessions an affidavit, setting forth that he or she is wholly destitute of means to employ counsel and prepare for his or her defense, the judge sitting in the court of oyer and terminer, to whom such affidavit is presented, shall assign to such person counsel, not exceeding two, to represent and defend such person at the trial of the case; and when services are rendered by counsel, in pursuance of such assignment, the judge sitting at the trial of the case may allow such counsel all personal and incidental expenses, upon a sworn statement thereof being filed with the clerk of the court of quarter sessions, and also reasonable compensation for services rendered, not exceeding two hundred dollars for each counsel; which allowance of expenses and compensation shall be a charge upon the county in which the indictment in the action is found, to be paid by the county treasurer, or, where the city and county are coextensive, by the city treasurer, upon the certificate of the judge presiding at the trial of the case: Provided, That in order to be entitled to such expenses and compensation, counsel so assigned must file with the judge, sitting at the trial of the case, an affidavit that he has not, directly or indirectly, received, nor entered into a contract to receive, any compensation for such services from any source other than herein provided."

On November 19, 1932, Mr. Van Roden presented in open court a petition for leave to employ witnesses nunc pro tunc and a petition for payment of expenses and counsel fee. A rule to show cause was granted, but, upon consideration thereof later at the bar of the court, the members of the latter were of the opinion that the said rule could not be made absolute; consequently it was orally discharged at bar.

Prior to the presentation of this petition the defendant was duly tried and convicted on October 20, 1932, as aforesaid.

The reasons assigned for presenting this unusual petition were:

"1. That your petitioner was appointed by your honorable court to act as counsel and to defend Walter H. Briscoe, indicted for murder.

"2. That your petitioner, in complying with the said appointment, investigated and prepared a defense for the said Walter H. Briscoe.

"3. That, in the course of such investigation and preparation, your petitioner learned from authoritative sources that the defendant was subject to fits of epilepsy; and that there was a strong likelihood that the defendant was suffering from the attack of such a fit of epilepsy at the time that he committed the homicide act.

"4. That your petitioner believed that he could only fulfill his duty as counsel for the defendant and as a member of the bar of the court that appointed him by employing expert medical witnesses and such other witnesses as could testify to the defendant's mental deficiencies in an effort to present the court and jury at the time of the trial with such evidence that was strongly indicative of a temporary insanity.

"5. That, in pursuance of such duty your petitioner engaged expert psychiatrists who assisted in the preparation of the defense in the trial of the

defendant, Walter H. Briscoe, and who have submitted bills for their services as more fully shown by the paragraphs hereinafter contained.

"6. That inadvertently your petitioner engaged such witnesses without first securing the consent of your honorable court.

"7. In pursuance of his duties, your petitioner incurred certain debts and obligations and spent certain moneys. . . ."

Following the same is an appended statement containing names of material witnesses, the days in attendance and the charges therefor: Charges by Dr. Abraham I. Baron for 3 medical examinations at $50 each, and 3 days in court at $100 per day, or a charge of $450; Dr. Ralph E. Bell, 1 medical examination at $25 and 3 days in court at $25 per day, or $100; Dr. Eugene Swayne, 1 medical examination at $25 and 3 days in court at $25 per day, or a charge of $100; War Department records $4.60; and counsel fee for Harry Goldbacher of $200 and E. Leroy Van Roden, the trial lawyer, and appointee exclusively of this court, $200, or a total expense incurred in behalf of the defendant of $1,270.60 without petition to the court for allowance thereof, if there be a statute providing for the incurring of such expenses.

In passing we may say that the very recent case of Com. v. Trunk et al., 105 Pa. Superior Ct. 569, is very illuminating and informative as to the recognized procedure in examining defendants charged with crime, and who are lodged in the county jail. See also Com. v. Ellis (No. 1), 46 Pa. Superior Ct. 72, which holds that, although a practice may have existed in Delaware County to deliver a prisoner to the possession of an officer representing the district attorney (and it applies to others) for the purpose of questioning, a custom contradictory to express provisions of a statute does not make it legal.

During the trial it came to our attention that the above medical examinations were conducted in the county jail by the above physicians without notice to the district attorney upon the oral order of a member of the court upon the application of the petitioner therein. Undoubtedly the learned judge had not had called to his attention the Act of Assembly of February 18, 1785, 2 Sm. Laws 275, controlling this situation, or the oral order would not have been made, if actually made, and especially as this was a determined effort upon the part of counsel to withhold the information from the district attorney so that he could be, contrariwise, present with physicians representing the Commonwealth. This is a grave situation affecting the proper administration of justice and we hope the practice will be discontinued, for the district attorney is a quasi-judicial officer and should be given a fair opportunity to logically present the Commonwealth's case. No prosecuting officer should be confronted at the trial of a "murder" case with such a situation, that is, a secret parlance at the jail as a result of which the defendant's insanity will be an issue. It puts an unnecessary hardship upon the representative of the people and such as would probably cause a delay in the trial and further consideration of such quasi-judicial officer as to his election to proceed. In our judgment this led to the inadvertence of counsel, not Mr. Van Roden, to present a petition to this court for leave to incur these expenses and to employ expert medical services, supplemented by the fact that we personally know that it was endeavored to employ secrecy to get the army record of this defendant, which could only be obtained by our court making an order that it was necessary to be produced in the interest of justice; however, the writer insisted that the order be made a matter of public record.

We desire is to be known that hereafter, as we have always done, no defendant while in jail shall be subjected to a mental and/or physical test unless under a written order of the court upon petition filed and hearing, and

unless the respective parties are duly represented at the examination which may be ordered by the court.

Undoubtedly, if the proper practice had been pursued by presenting the usual petition, this court would have made the necessary order in forma pauperis in the interest of justice, that the defendant might be able properly to present his defense, but most assuredly it would not then have approved the excessive bills herewith presented.

"The Act . . . provides for the assignment of counsel for those on trial for murder and allowance for expenses and compensation in such case. As stated by the court, provision is always made for assistance in procuring needed evidence, upon request of defendant, when shown to be necessary": Com. v. Tauza, 300 Pa. 375, 381.

However, on December 1, 1932, the defendant having sensed the antagonistic attitude of the court as hereinbefore stated, presented another petition, containing the same charges, but alleging that it was for counsel fee and expenses (the Act of 1907, supra, providing for personal and incidental expenses) and prayed an order allowing the charges, expenses and medical expenses heretofore claimed. We have no statutory authority to grant this prayer.

In Com. v. Wormsley, 294 Pa. 495, the court held (syllabus) :

"Attorneys appointed by the court under the Act of March 22, 1907, P. L. 31, to defend a person indicted for murder, have no right to contract with others for fees and expenses. The fee paid them by the county must be their exclusive compensation.

"In such case personal and incidental expenses incurred by counsel and the costs of appeal, including paper book with record and brief printed therein, may be collected from the county under the Act of June 3, 1911, P. L. 627."

In Com. v. Arcidiaco, 3 D. & C. 448, the court held (syllabus) :

"Under the Act of March 22, 1907, P. L. 31, authorizing the court to allow compensation to counsel assigned to destitute persons upon trial for murder and 'all personal and incidental expenses,' fees of medical experts can not be allowed."

In Com. v. Endrukat, 17 Dist. R. 1049, the court held (syllabus) :

"Under the Act of March 22, 1907, P. L. 31, authorizing the trial judge to allow counsel assigned to destitute persons upon trials for murder 'all personal and incidental expenses,' witness fees and the expenses of experts can not be allowed."

Therefore, the following order is made:

And, now, December 28, 1932, the above petition coming on to be heard by th court en banc, together with oral arguments and briefs, after due consideration thereof, the court doth order and decree:

1. That the rule to show cause why the petition filed November 19, 1932, should not be allowed nunc pro tunc be and is hereby discharged and the said petition be and is hereby dismissed.

2. That the petition filed December 1, 1932, to approve witness fees and the expenses of experts nunc pro tunc be and is hereby dismissed.

3. That the Treasurer of the County of Delaware be and is hereby ordered and directed to pay to the order of E. Leroy Van Roden, Esq., the attorney appointed by this court under the Act of 1907, supra, to represent and defend Walter H. Briscoe, the defendant aforesaid, upon the charge of murder, because he was wholly without financial means to properly defend himself, the sum of $200 as compensation therefor.