Argued October 30, 1968, affirmed January 22, 1969

# STATE OF OREGON, *Respondent, v.*
# RICARDO APODACA, *Defendant,*
# HENIGSON, *Appellant.*

449 P. 2d 445

*Roy Kilpatrick,* John Day, argued the cause and filed a brief for appellant.

*F. LaGard Smith,* Vale, argued the cause for respondent. On the brief was H. Clifford Looney, District Attorney, Vale.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

DENECKE, J.

The petitioner is an attorney who was appointed to defend Apodaca, an indigent, who was charged with kidnapping, assault with intent to rape, and detention of a child. Petitioner successfully had the venue moved to a county whose courthouse was 100 miles from petitioner's office. The kidnapping charge was tried twice and both trials ended in mistrials because the jury could not agree. The indictments for all charges were eventually dismissed. The petitioner spent 33 days in trial, eight other days away from his office, and 212 additional hours in trial preparation. The petitioner petitioned for attorney fees in excess of those provided by statute. The trial court wrote a very comprehensive opinion in which it complimented the petitioner for his "superb advocacy" but concluded that because of the constitutional division of powers between the three branches of government it had no inherent power to award more than the maximum fee allowed by statute, a total of $450. ORS 135.330 (before amendment in 1967). The special prosecutor who was appointed by the county to try the case the second time was paid $5,000 by the county.

The issue on appeal is whether the trial court could have ordered the payment of a fee in excess of that provided by statute.

Our past policy has been to expect appointed counsel to serve gratuitously or for the fees provided by statute.

"In the absence of legislation such as Oregon Laws 1961, Ch 480, providing for the expenditure of public funds to compensate attorneys for their services, an attorney is expected to serve without remuneration." *Spencer v. Gladden*, 230 Or 162, 165, 369 P2d 129 (1962).

In *State v. Jamison,* 251 Or 114, 444 P2d 15, 1005 (1968), counsel was appointed to represent an indigent on appeal from a proceeding in which her parental rights were terminated. We held that in the absence of statute we would not award attorney fees. We stated: "Until the Legislative Assembly makes provision for the payment of attorney fees by the appropriate governmental subdivision, attorneys laboring in this court remain in the position of court-appointed counsel in criminal cases prior to the adoption of the legislation which now permits the payment of reasonable fees." 444 P2d at 1005.

A majority of the jurisdictions passing upon this question have denied claims of appointed counsel for reasonable compensation not provided by statute. Annotation, 21 ALR3d 819, 828, 830 (1968). Recently, however, in *People v. Randolph,* 35 Ill2d 24, 219 NE2d 337 (1966), and *State v. Rush,* 46 NJ 399, 217 A2d 441 (1966), the courts held they did have the power to award reasonable compensation beyond that authorized by statute.

It may be that because of the greatly increased burden placed upon attorneys due to the enlargement of the constitutional obligation to provide counsel the policy of limiting fees to the low fees provided by many legislatures will be re-examined in other jurisdictions. Fortunately, the Oregon Legislature has already acted and provided for increased maximum fees and for fees in excess of the maximum in extraordinary circumstances.①

___
① Oregon Laws 1967, ch 228, §§ 1(f), 3, p 1568:

"(f) In extraordinary circumstances, payment in excess of the limits stated herein may be made if the presiding judge of the circuit court certifies that such payment is necessary

Because the amendment to the statute providing for fees was made effective after petitioner's services were rendered, the amendment is not applicable in this case. However, as the trial court pointed out, the petitioner was aware of the statutory maximum in effect when he was appointed. If petitioner believed that service upon such terms imposed an intolerable burden upon him, he should have so informed the appointing court. If the court found that the appointment did impose an intolerable burden it had alternatives which were available at that time, but not after appointed counsel had completed his service.

Affirmed.

to provide fair compensation for protracted representation in the case.

"* * * * *.

"Section 3. This Act shall take effect January 1, 1969."