467 P.2d 8

C. Verne HALE, Jr., Plaintiff-Appellee,

v.

Jerry Dean BREWSTER, Defendant-Appellant.

No. 8886.

Supreme Court of New Mexico.
March 23, 1970.

Ellis J. French, Albuquerque, for defendant-appellant.

C. Verne Hale, Jr., Grants, for plaintiff-appellee.

OPINION

MOISE, Chief Justice.

Appellant, Jerry Dean Brewster, appeals from an order refusing to vacate a default judgment entered against appellant and Mrs. W. E. Brewster, appellant's mother.

The record discloses a complaint filed by appellee against appellant and Mrs. W. E. Brewster, seeking judgment for $900.53, being the unpaid balance on a promissory note for $1,000.00, plus interest and attorney fees. Summons issued in the case was returned July 31, 1968, and recites that service was made on both defendants by delivery of a copy of the summons and complaint on July 24, 1968, to one Judy Brewster, "a person over fifteen years of age, residing at the usual place of abode of defendants Mrs. W. E. Brewster and Jerry Brewster, who at the time of such service was [sic] absent therefrom." On August 28, 1968, judgment as prayed in the complaint was entered by default, with a recital in the judgment that the defendants had been "duly served with process more than thirty days heretofore, all of which appears more fully by returns of service on file herein. * * *"

On October 11, 1968, appellant filed a motion under Rule 60(b) [§ 21–1–1(60) (b), N.M.S.A.1953], seeking to have the default judgment against him vacated, and claiming that the default occurred because of his mistake, inadvertence, surprise or excusable neglect in that the summons in the cause had been served on appellant's mother in his absence, and he had no knowledge of the fact until after the judgment had been entered. Further, in the motion appellant asserts a defense because of the claimed fraud of appellee in taking a note from appellant to cover an attorney fee when appellee had been appointed by the court to represent appellant on a criminal charge and, thereafter, had been paid and had accepted an $85.00 fee from the court for such representation, which appellant had assumed satisfied his obligation to appellee. Thereafter, the order appealed from herein was entered denying the motion to vacate, but reducing the judgment previously entered by the amount of $85.00, being the payment made from the court fund.

Rule 4(e) [§ 21–1–1(4) (e), N.M.S.A. 1953] provides that in the absence of a defendant "service may be made by delivering a copy of the process or other papers to be served, to some person residing at the usual place of abode of the defendant, over fifteen [15] years of age; * * *." By his motion, appellant complains that no *separate copy* of summons and complaint was delivered *for each defendant,* and that in fact he received none, and was not aware of the litigation until after default judgment had been entered.

In Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310, 8 A.L.R.2d 337 (1949), the situation was almost identical with that here present. After the passage of more than eight years, a default judgment, entered against a defendant upon substituted service identical with that here present, was set aside as void upon motion of defendant, and the court's action in doing so was affirmed on appeal. In that case, it was stated that, "Since on the return of summons * * * it appears that there were two defendants and that only one copy of the summons was, by the deputy sheriff, served upon Mrs. Ross, we think the invalidity of the judgment due to that fact is shown by the face of the record, and that therefore the holding of the trial court was correct." This result was reached notwithstanding the recital in the journal entry of the judgment that "it appears to the court that defendants and each of them have been duly and regularly served with summons in said action." The statute there applicable, and the facts present were substantially identical with those in the case before us, and we are impressed that the rule there invoked should also be applied here. Under the rule generally applied, where substituted service is made on more than one defendant residing at the same place of abode, a copy must be left for each defendant. See Annot., 8 A.L.R.2d 343. Our rule requires delivery of a copy of the complaint and summons to accomplish substituted service for a defendant. It must follow that, if there is more than one defendant, a complaint and a summons must be delivered for each defendant being served. The return does not indicate that this was done, and appellant asserts it was not. Compare Tropic Builders, Ltd. v. Naval Ammunition

Depot, 48 Haw. 306, 402 P.2d 440 (1965). We are constrained to hold that the trial court erred in refusing to set aside the default judgment.

Appellant, for his second point, asserts a defense to the complaint in that the note sued on was lacking in consideration. The question presented concerns the right and propriety of an attorney taking compensation for representation of an indigent charged with a crime when he has been appointed by the court to represent the indigent and has been paid by the court for the services rendered.

Our Constitution, in Art. II, § 14, guarantees to an accused in a criminal prosecution "the right to appear and defend himself in person, and by counsel." At the time appellee was appointed to represent appellant, §§ 41–11–2 and 41–11–3, N.M.S.A. 1953, were in effect. These sections read:

"41–11–2. The court before whom any person shall be indicted, or informed against, for any offense which is capital, or punishable by imprisonment in the penitentiary, is hereby authorized and required to assign to such person counsel not exceeding two [2], if the prisoner has not the financial means to procure counsel, and such counsel shall have full access to the prisoner at all reasonable hours."

"41–11–3. The court, assigning such counsel, shall authorize the payment of the attorney fees of such counsel out of the court fund and in such amount as the court shall fix, not less than twenty-five dollars [$25.00] and not exceeding the sum of one hundred dollars [$100] in any case other than homicide."

These sections have since been repealed. See the Indigent Defense Act (§§ 41–22–1 to 41–22–10, adopted in 1968, ch. 69, N.M. S.L.1968).

Aside from the constitutional provision and the statute requiring that counsel be appointed for indigents charged with crime, and paid for the services rendered, it has always been considered that attorneys admitted to practice at the bar are officers of the court and have a duty and obligation to accept such appointments and to serve their clients to the best of the attorneys' abilities. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); State v. Rush, 46 N.J. 399, 217 A.2d 441 (1966); People ex rel. Conn v. Randolph, 35 Ill.2d 24, 219 N.E.2d 337 (1966); Jackson v. State, 413 P.2d 488 (Alaska 1966); Warner v. Commonwealth, 400 S.W.2d 209 (Ky.1966), cert. denied, 385 U.S. 885, 87 S.Ct. 108, 17 L.Ed.2d 85; Woodell v. State, 223 Md. 89, 162 A.2d 468 (1966); Ruckenfrod v. Mullins, 102 Utah 548, 133 P.2d 325, 144 A.L.R. 839 (1943).

The right of the courts to impose the duty on lawyers to defend indigent persons accused of crime without compensation has been upheld in all jurisdictions except four —Indiana, Iowa, New Jersey and Wisconsin. See Annot., 21 A.L.R.3d 819, 830. Be this as it may, we have a statute, quoted above, providing for pay, and appellant asserted in his motion that appellee had in fact been paid a fee of $85.00 by the State. Although the motion was overruled, it appears that appellant was given credit for this amount on the judgment previously entered.

However, this does not resolve the question raised by this appeal. We must decide if payment of a fee by the State, makes the note executed by appellant invalid because lacking consideration. We have found only one case directly in point. It is Commonwealth v. Wormsley, 294 Pa. 495, 144 A. 428 (1928), where the court said:

"* * * Petitioners, having been appointed by the court to represent defendant, had a duty to appeal, if they considered that course essential to protect his rights, and the fee paid them by the county must be their exclusive compensation. Under the circumstances, they had no right to contract with others for fees and expenses."

That this rule is correct would seem to follow from the duty of appellee to represent to the best of his ability plus the payment and receipt of a fee from the

State. Where can the consideration be found for appellant's promise to pay an additional amount? We do not see how appellant received anything that he was not entitled to receive without payment of any amount, and accordingly there is no consideration. Compare In re Quantius' Will, 58 N.M. 807, 277 P.2d 306 (1954), where we held that "the promise to do what a person is already obligated by law or contract to do is not sufficient consideration for a promise made in return." This rule is one of almost universal general application. See Munro v. City of Albuquerque, 48 N.M. 306, 315, 150 P.2d 733 (1944); 17 C.J.S. Contracts §§ 110, 111; 17 Am.Jur. 2d Contracts, §§ 119, 120; 12 A.L.R.2d 81. It follows from what has been said that if the note was given to appellee as a fee for services, which he was already bound to perform by virtue of his appointment by the court, the appellant had a good and valid defense which he could have presented if the default judgment had been vacated.

The cause must be reversed and remanded with instructions to proceed in a manner consistent herewith. It is so ordered.

WATSON, J., and GEORGE L. REESE, Jr., District Judge, concur.