487 P.2d 910
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Robert Lee SILVER, Defendant-Appellant.**
**No. 646.**

Court of Appeals of New Mexico.
July 23, 1971.

Harold H. Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Joseph Patrick Whelan, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Silver was convicted and sentenced for attempted armed robbery. He was found not guilty of attempted murder. He appeals.

We affirm.

Silver contends (1) that the trial court erred in failing to compel an election or severance of charges of attempted robbery and attempted murder because Silver was denied the opportunity to remain silent and not testify against himself in the attempted armed robbery charge; (2) that a statutory limit of $400.00 attorney fee for defense counsel for services rendered is a denial of equal protection and due process.

1. *Failure to Compel Election or Severance.*

In this court, Silver contends he should have had separate trials on each count. He argues that he had to testify on the charge of attempted murder to prove his innocence. He was acquitted. By testifying, Silver says he had convicted himself of attempted

armed robbery. If a severance had been granted, Silver says he would have remained silent on the charge of attempted armed robbery. He claims, therefore, that trial of two counts in one trial was prejudicial.

Prior to trial, defendant moved that he be separately tried on each count. The only reasons advanced in support of the motion went to asserted prejudice from being tried with co-defendants. Nothing in the motion asserts prejudice on the basis that the two counts against defendant would be tried at the same time.

Hearing was held on this pre-trial motion, but there is no record of what took place at the hearing. The trial court ordered that each of the defendants be granted a separate trial. There was no ruling on the claim that there should be a separate trial on each of the counts against defendant.

At the beginning of his trial, defendant moved:

"The other thing, Your Honor, is to renew my motion again, that the counts be severed. That Mr. Wilson be required today to elect on which count he will proceed further on the attempted murder count or on the attempted armed robbert [sic]. And I have no new argument for the Court. I would simply again say to you that my client is severely prejudiced because of his inability to either exercise his right to speak in his own behalf, which he has, or to remain silent. The two counts prejudice that right, as I explained to the Court, plus the other reasons for prejudice that I gave the Court earlier."

The foregoing quotation is all the record shows in support of his claim that each count should have been separately tried. How the two counts made defendant unable either to "exercise his right to speak" or to "remain silent" is not explained.

 The fact that two charges are joined in one trial does not, in itself, show legal prejudice to defendant. State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.

1970). The fact that in taking the stand in his own behalf, defendant may thereby incriminate himself, does not, in itself, establish that defendant was deprived of due process. State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App.1970); State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App. 1969). The denial of the request for severance is not a basis for reversal unless abuse of discretion and prejudice is shown. State v. Gunthorpe, supra. The record does not establish per se prejudice.

 Nor does the record show that the argument defendant makes in this court, concerning prejudice, was presented to the trial court. We do not go outside the record in considering a motion for severance. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971). Since the record does not show that defendant's present contention was presented to the trial court, it will not be considered here. State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970).

*2. Limiting Defense Counsel Attorney Fees.*

 Silver argues, without any facts, that the statutory attorney fee limitation of $400.00 in defense of indigent criminal cases is a denial of equal protection and due process under the United States Constitution; that to limit the amount is to invite poor representation for a criminal defendant. The payment provisions of the Indigent Defense Act are found in § 41–22–8, N.M.S.A.1953 (Repl.Vol. 6, Supp. 1969).

A denial of equal protection and due process to whom? There is no attempt to show that defendant in this case has been deprived of these constitutional rights because a statute limits the fee of his court-appointed attorney. There is no claim that defendant was poorly represented in this case.

Here, there are no facts indicating how the statutory fee limitation deprives the defendant of equal protection of the law or due process of law. The attack is against the statutory limitation, without

reference to facts. Absent a showing of how the asserted constitutional violation applies to the defendant, the claim presents no issue for decision. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I specially concur to answer the claims of error and to emphasize the importance of the issues.

This court is burdened with Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4)], and the Indigent Defense Act of 1968, § 41–22–1 through § 41–22–10, N.M.S.A. 1953 (Repl.Vol. 6, Supp.1969).

Indigent defendants are entitled to free representation in trial and appellate work. If the appointed attorney is not an expert criminal lawyer, claims of error may not be properly made during trial, nor properly preserved for review. If the claimed error is not decided, the indigent defendant can, at the expense of the state, continuously move the trial and appellate courts to vacate or set aside the conviction under Rule 93.

This court should sidestep its technical rules and decide all claims of error on appeal in indigent defense cases.

As one Supreme Court Justice has written:

As the rule [Rule 93] now operates, the motions are mostly nonsense, falsehoods, or otherwise insufficient upon which to grant relief. They occupy the time of the trial courts, the appellate courts and the legal profession, and they impose a great financial burden on the public and the legal profession with very little fruitful results.

1. *Failure to Compel Election or Severance.*

The attempted armed robbery and attempted murder were two separate but continuing incidents in which Silver involved different persons. The attempted murder immediately followed the charge of attempted robbery. These circumstances grant the trial judge a broad and sound judicial discretion of the highest order to determine whether both charges should be tried together before one jury. State v. Paschall, 74 N.M. 750, 398 P.2d 439 (1965). The trial judge denied Silver's motion. His action will not be disturbed on review unless Silver affirmatively shows that he was in fact prejudiced in his defense on the merits, § 41–6–38(4), N.M.S.A.1953 (Repl.Vol. 6), and the trial court abused its discretion, State v. Gunthorpe, 81 N.M. 515, 521, 469 P.2d 160 (Ct.App.1970), cert. den. 81 N.M. 588, 470 P.2d 309 (1970), cert. den. 401 U.S. 941, 91 S.Ct. 943, 28 L.Ed.2d 221 (1971).

The record shows the state proved Silver guilty of attempted armed robbery beyond a reasonable doubt whether Silver testified or not. Silver does not contend otherwise. Even if there was error in denying severance, the error was harmless. Jones v. Commonwealth, 457 S.W.2d 627 (Ky.1970), cert. den. 401 U.S. 946, 91 S.Ct. 964, 28 L. Ed.2d 229 (1971).

Another factor speaks against Silver's claim. When the jury acquitted Silver of attempted murder, the jury proved it was able to follow and apply the evidence to each charge as instructed by the trial court. State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App.1970). This is ample to prove that denial of severance was not prejudicial.

Upon what basis can Silver claim he was prejudiced? Silver relies on 41 Temple Law Quarterly 458 (1968), entitled, "Joinder of Counts as a Violation of an Accused's Right to Remain Silent." The author believes that severance *as a matter of right* would seem to be needed to protect dual testimonial privileges.

The state did not answer Silver's contention in its answer brief. After due consideration, I do not agree that an accused is entitled to severance *as a matter of right* based upon dual testimony privilege, even

if requested before or during trial. It is a matter within the discretion of the trial court. For modern economic reasons, the status of judicial dockets, the delay in holding two trials with identical witnesses, the increased burden of criminal cases, the discretion of the trial court exercised for or against severance ordinarily speaks with a sense of justice.

American Bar Association Standards of Criminal Justice, when applicable, have been approved by the Supreme Court of Colorado. Jaramillo v. District Court, 484 P.2d 1219 (Colo.1971).

American Bar Association Standards of Criminal Justice relating to Joinder and Severance are deemed applicable, and may be approved by the Supreme Court of New Mexico. Sections 2.1(a) (b) read as follows:

> (a) A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

> (b) If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion.

The commentary amply supports the above standards.

Silver's claim of error is denied because, (1) the trial court did not abuse its discretion in denying severance; (2) Silver did not affirmatively show prejudice on the merits; (3) the jury understood the difference in the two charges; (4) even if there was error, it was harmless.

## 2. Limiting Defense Counsel Attorney Fees.

Appointed lawyers in indigent criminal defense cases must remember that courts have the right to impose, without compensation, the duty to defend indigents accused of crime. Hale v. Brewster, 81 N.M. 342, 467 P.2d 8 (1970). If the statute mentioned were declared unconstitutional, lawyers would return to their traditional responsibilities found in the Attorney's Oath:

> I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any man's cause for lucre or malice.

Heretofore, the legal profession received commendations for its devotion to indigents in criminal cases without compensation. People v. Sims, 266 N.E.2d 536 (Ct.App. Ill.1970); People v. Wilson, 60 Misc.2d 144, 302 N.Y.S.2d 647 (1969).

Legislation affecting the reasonable regulations of the legal profession is a valid exercise of the police power of the state. In re Gibson, 35 N.M. 550, 4 P.2d 643 (1931). The Indigent Defense Act falls within this principle.

However, when lawyers are confronted with staggering burdens affecting their own family and business relationships, courts have the power to order payment of reasonable compensation. People ex rel. Conn v. Randolph, 35 Ill.2d 24, 219 N.E. 2d 337, 18 A.L.R.3rd 1065 (1966). As a result, some states have amended their indigent compensation statutes to grant courts, in extraordinary circumstances, the right to provide for compensation in excess of the statutory limits. People v. Sims, 266 N.E.2d 536 (Ct.App.Ill.1970); People v. Wilson, 60 Misc.2d 144, 302 N.Y.S.2d 647 (1969); State v. Apodaca, 252 Or. 345, 449 P.2d 445 (1969). New Mexico does not have such a provision.

In the United States, we have a principle of "Equal Justice to All." Any indigent person accused of crime, or any person of modest means accused of felonious crimes, should have court appointed lawyers with experience, competence, skill and knowledge in criminal law, practice and procedure. The reason is that it meets the challenge of district attorneys and staff who specialize in the prosecution of criminal cases. Constitutional questions might arise if young, inexperienced criminal law-

yers were appointed. Errors and mistakes would ordinarily follow, which deny defendants a fair and impartial trial. Claims of error may not be reviewed on appeal. But such questions cannot arise under limited compensation statutes when competent attorneys are appointed unless the court denies additional compensation where burdens are staggering and the family, business and life of the lawyers are seriously impaired. See Brown v. Board of County Com'rs of Washoe County, 85 Nev. 149, 451 P.2d 708 (1969).

The error claimed here is not a constitutional problem. No claim is made that the appointed attorneys were incompetent. It is a legislative problem, The New Mexico Bar Association should be "the most interested in protecting its members from the burdens and sacrifices of oppressive demands upon them to represent indigents." Jones v. Commonwealth, 457 S.W.2d 627 (Ky.1970), cert. den. 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971).

The Indigent Defense Act is constitutional. Silver was not denied equal protection of the law and due process. Whether monetary justice to court appointed attorneys is necessary depends upon the attitude of the New Mexico Bar Association and the legislature.