QUESTIONS:
1. May service of process be made, under the Summary Claims Procedure Rules, upon both husband and wife by serving only one copy of the process on either spouse?
2. May a witness be compelled to attend court in a civil cause in response to a subpoena if the witness has not been paid the compensation to which he would be entitled for mileage and per diem for one day or if such compensation has not been deposited with the executive officer of the court at which the witness is to appear?
3. Must a witness subpoena state on its face that the compensation has been so deposited in cases in which the compensation for a witness has been deposited with the executive officer of the court?
4. Must a writ of replevin be served on a defendant who no longer has possession of the property to be replevied?
5. To what fees is a sheriff entitled if he is unable to execute a writ of replevin because of inability to locate the defendant?
6. To what fees is a sheriff entitled if he is unable to execute a writ of replevin because of inability to locate the property to be replevied?
SUMMARY:
In proceedings under the Summary Claims Procedure Rules, when substituted service is obtained in a case against a husband and wife who are residents of the same place of abode, a separate copy of the process and initial pleading should be delivered for each of them.
Under s. 90.15, F.S., a witness may not be compelled to attend court in a civil case unless his witness fee and mileage for one day have been paid to him or deposited with the executive officer of the court, and he may not be compelled to attend thereafter unless paid in advance. When deposited with the court's executive officer, although not required by statute, the better practice would be to state the fact of such deposit on the face of the subpoena.
Under s. 78.11, F.S., when possession of property to be replevied is transferred to a third person after the issuance of a writ of replevin, the writ must be served on both the defendant and the third person.
A sheriff's fee for service of a writ does not become earned income of his office until service is effected and, therefore, should not be remitted to the county until service is made. A sheriff may not charge an additional fee for service of alias or pluries documents.
AS TO QUESTION 1:
There are no special rules for service of process under the Summary Claims Procedure Rules. Rule 7.070 SCPR provides that service of process "shall be effected as provided by law, or as provided by Florida Rules of Civil Procedure 1.070." Accordingly, service of process in cases under the Summary Claims Procedure Rules must be accomplished in the same manner as in other cases.
The method of accomplishing service of process is set forth generally at s. 48.031, F.S., which reads in pertinent part:
"Service of original process is made by delivering a copy thereof to the person to be served with a copy of the complaint, petition or other initial pleading or paper or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age and informing such person of their contents."
Section (f) of Rule 1.070 RCP likewise requires delivery of a copy of the initial pleading at the time of making personal service of process and also requires that the date and hour of service be endorsed on the original and all copies of the process.
It is clear that a person may be served with process by leaving the process at his usual place of abode with his spouse with whom such person is a co-defendant. See McLane v. Piaggio, 3 So. 823
(Fla. 1888); State ex rel. Merritt v. Heffernan, 195 So. 145 (Fla. 1940); and Haney v. Olin Corporation, 245 So.2d 671 (4 D.C.A. Fla., 1971). But the Florida appellate courts have not decided the question of whether both spouses can be served by means of a single copy of the process and initial pleading. Cf. Montgomery v. Gipson, 69 So.2d 395 (Fla. 1954), holding that "a notice of application for a tax deed to property held as an estate by the entirety . . . is not sufficient if properly mailed only to one of the spouses." Although there have been very few decisions on this subject in other jurisdictions, the general rule, as stated at 8 A.L.R.2d 343, is:
"It is generally held that in making substituted service against two or more defendants having the same place of residence or abode, a copy of the summons must be left for each defendant."
In what appears to be the most recent decision on this point, the Supreme Court of New Mexico adhered to the general rule with the following language:
"Under the rule generally applied, where substituted service is made on more than one defendant residing at the same place of abode, a copy must be left for each defendant. See Annot., 8 A.L.R.2d 343. Our rule requires delivery of a copy of the complaint and summons to accomplish substituted service for a defendant. It must follow that, if there is more than one defendant, a complaint and a summons must be delivered for each defendant being served." [Hale v. Brewster, 467 P.2d 8 (N.M. 1970), at 9.]
It is significant to note that the statute interpreted in the Hale case is substantially the same as s. 48.031, F.S. As mentioned above, the Florida appellate courts have not ruled on this question, but it is reasonable to assume that when the question is placed before them in an appropriate case they will follow the majority rule expressed above. Until such time as this question is decided by the Florida courts, the better practice would appear to be to deliver a separate copy of the process and the initial pleading for each defendant spouse in cases where service is being made on husband and wife who are residents at the same place of abode.
AS TO QUESTIONS 2 AND 3:
Section 90.15, F.S., provides that no person shall be compelled to attend court as a witness in any civil cause
". . . unless the party in whose behalf he is summoned shall first pay him the amount of compensation to which he would be entitled for mileage and per diem for one day, or the same is deposited with the executive officer of said court, and he shall not be compelled to attend thereafter unless paid in advance."
It is clear from the foregoing language that unless the witness fees are paid in advance or deposited with the executive officer of the court, a witness cannot be required to appear in a civil case. In cases in which the witness fee is deposited with the court's executive officer, there is no statutory requirement that the fact of such deposit be stated on the face of the witness subpoena. Notwithstanding the absence of a statutory requirement, it would appear to be better practice to make such a notation on the subpoena.
AS TO QUESTION 4:
The Florida replevin statute, Ch. 78, F.S., was substantially revised by Ch. 73-20, Laws of Florida, effective October 1, 1973. Section 78.11 of the new replevin law now reads:
"If the property to be replevied is in the possession of defendant at the time of the issuance of the writ, and passes into the possession of a third person before the execution of the writ, the officer holding the writ shall execute it on the property in the possession of the third person and shall serve the writ ondefendant and the third person, and the action with proper amendments shall proceed against the third person." (Emphasis supplied.)
Pursuant to the language quoted above, if the property to be replevied passes from the possession of the defendant to a third person after the issuance of the writ, the writ is to be served on both persons.
AS TO QUESTIONS 5 AND 6:
Section 30.231, F.S., was amended by Ch. 72-92, Laws of Florida, to read, in pertinent part:
"(1) The sheriffs of all counties of the state in civil cases shall charge fixed, nonrefundable fees for docketing and service of process, according to the following schedule: (a) All summons or writs except subpoenas and executions: $7.50 for each person or respondent to be served. (b) All writs except executions requiring a levy or seizure of property: $5.00 in addition to the $7.50 fee as stated in paragraph (a). * * * * *
(2) All fees collected under paragraphs (a), (b), (c) and (d) ofsubsection (1) shall be nonrefundable, and no additional feesshall be required for alias and pluries documents when service wasnot effected on the original document. (3) All fees collected under the provisions of this section shall be paid monthly into the fine and forfeiture fund of the county." (Emphasis supplied.)
Under s. 30.231, supra, a sheriff is entitled to a fee of twelve dollars and fifty cents for service of a writ of replevin, which fee, pursuant to s. 30.51(2), F.S., must be collected in advance or be secured by an advance deposit. Although such fees are now nonrefundable, as noted in AGO 073-127, they do not become earned income until service is actually accomplished and should, therefore, not be remitted to the county until service of the document or process is made. Furthermore, as pointed out in AGO 073-127, if you forward an alias or pluries document to another sheriff who completes service on the document, you would be required to remit the prepaid fee to the sheriff who completed service. Your attention is also directed to AGO 073-238 in which I concluded:
"In the event that the Sheriff cannot effectuate service or delivery of the enumerated documents or process to the person to be served, the fee fixed by the statute for the docketing and service of said process would not be refunded, but no additional fees may be required for alias and pluries documents when service is not effected on the original document or process."