This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHARLES EDWARD WESLEY**
**#52506,**

Plaintiff-Appellant,

v.                                                            **NO. 30,173**

**JOE WILLIAMS, SECRETARY**
**NEW MEXICO CORRECTIONS**
**DEPARTMENT, and ROBERT**
**ULIBARRI, WARDEN, CENTRAL**
**NEW MEXICO CORRECTIONS**
**FACILITY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Charles Edward Wesley
Grants, NM

Pro Se Appellant

Peggy A. Bowen
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Plaintiff, filing pro se, appeals the district court's order dismissing his complaint against Defendants with prejudice. We issued a notice of proposed summary disposition proposing to summarily affirm the district court. Plaintiff filed a timely memorandum in opposition, which we have duly considered. We affirm.

**DISCUSSION**

Initially, we note that Plaintiff has attached numerous exhibits to his memorandum in opposition as he did with his docketing statement. Once again, we remind Plaintiff that an appellate court reviews only matters that were presented to the trial court. *See Campos Enters. v. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855. Therefore, we will not consider any of the attachments unless they are already part of the record on appeal.

Turning to the merits, Plaintiff raises various allegations of error concerning the district court's dismissal of his complaint. [MIO 1-5] Plaintiff continues to argue that Defendants did not file a timely answer to his complaint, that the district court did not address any of Plaintiff's motions, that the district court did not provide reasons for dismissing the complaint, that opposing counsel did not enter an appearance, that Plaintiff exhausted all informal remedies and filed a timely notice of claim and tort complaint, and that Defendants were not immune from suit because they were not

acting in the scope of their duties. [DS 1-4; MIO 1-5] Despite these assertions, we are not persuaded that the district court erred.

Plaintiff filed a complaint and an amended complaint pursuant to the New Mexico Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (1976, as amended through 2009). [RP 1-9, 202-04] He named as defendants Joe Williams, the secretary of the New Mexico Corrections Department, and Robert Ulibarri, a warden. [RP 1, 202] The district court dismissed Plaintiff's complaint in its entirety based on a motion by Defendant Williams. [RP 334] Defendant Williams moved for dismissal in part because Plaintiff's complaint for recovery of lost property was barred by sovereign immunity and because Plaintiff failed to give proper notice. [RP 236-39]

Under the Tort Claims Act, state governmental entities and public employees acting within the scope of their duties "are granted immunity from liability for any tort" unless the Act provides a specific waiver. *See* § 41-4-4(A). Thus, Plaintiff's cause of action against Defendants must fit within one of the exceptions to the granted immunity. *See* § 41-4-5 to -12 (listing specific exceptions). As we discussed in our notice of proposed disposition, the record indicates that Plaintiff failed to identify any specific waiver of immunity under the Act for the claims asserted in his complaint. [RP 1-9] Thus, we proposed to hold that it was proper for the district court to dismiss the complaint on grounds that Plaintiff did not meet his burden of establishing that his

3

complaint fell within an exception to the immunity granted in the Tort Claims Act. Not only does Plaintiff's complaint fail to identify an exception, [RP 1-9, 202-04] but Plaintiff's response to Defendant Williams' motion to dismiss fails to argue that an exception applies. [RP 1-9, 202-04, 301-07] "If no specific waiver of immunity can be found in the Tort Claims Act, plaintiffs' complaint must be dismissed as to the governmental defendant." *See Pemberton v. Cordova*, 105 N.M. 476, 478, 734 P.2d 254, 256 (Ct. App. 1987). Because Plaintiff failed to plead that his case fell within an exception, we remain persuaded that the district court properly dismissed his complaint.

In response, Plaintiff argues that Defendants were not acting in the scope of their duties because they failed to follow their policy of allowing Plaintiff to mail his personal property home. [MIO 4-5] Because they were not acting within the scope of their duties, Plaintiff contends that Defendants were not protected by sovereign immunity. [Id.] As we noted in our notice of proposed disposition, it does not appear that Plaintiff made this argument in the complaint, the amended complaint, his motions for default judgment and summary judgment, or his responses to Defendants' motion for dismissal. The first time there is any indication that Plaintiff raised this argument is in the docketing statement. [RP 340] Accordingly, we are not persuaded that this argument is properly before us on appeal. *See State v. Silver*, 83 N.M. 1, 2,

4

487 P.2d 910, 911 (Ct. App. 1971) (recognizing that when the record does not show that the appellant's contention was presented to the trial court, it will not be considered on appeal).

Moreover, we are not persuaded that there is any merit to Plaintiff's argument that Defendants were not acting within the scope of their duties. Our case law makes clear that the Tort Claims Act "clearly contemplates including employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity." *Celaya v. Hall*, 2004-NMSC-005, ¶ 25, 135 N.M. 115, 85 P.3d 239. Here, we do not see any state of facts as alleged by Plaintiff in the complaint that would support a finding that Defendants were not acting within the scope of their duties in storing and transferring Plaintiff's personal property. Accordingly, we hold that Defendants' actions were within the scope of their duties. Because Defendants' actions do not come within any of the specific waivers of immunity, we hold that Plaintiff's tort claims are barred by the Tort Claim Act. Given this holding, we need not address our alternative proposed disposition based on untimely notice.

Because Plaintiff failed to identify a specific waiver, we proposed to affirm the district court's order of dismissal. Our notice of proposed disposition noted that we were not persuaded that any of Plaintiff's additional allegations of error had any merit.

We remain persuaded that our notice of proposed disposition was correct; however, we briefly address Plaintiff's remaining arguments.

Although Plaintiff argues that the district court erred in ignoring his motions for default judgment based on Defendant's failure to file a timely answer to his complaint, [MIO 2] we find no abuse of discretion in the district court reaching the merits of the case. *See Springer Corp. v. Herrera*, 85 N.M. 201, 202-03, 510 P.2d 1072, 1073-74 (1973) (indicating that it is the policy of the law to look with disfavor on default judgments and that cases be decided on their merits, and stating further that a motion to set aside a default judgment is addressed to the sound discretion of the court), *overruled on other grounds by Sunwest Bank v. Roderiguez*, 108 N.M. 211, 770 P.2d 533 (1989). In addition, despite Plaintiff's contention that the district court failed to enter reasons for dismissing his complaint, [MIO 2-3] the district court indicated it was dismissing based on Defendants' motion for dismissal. [RP 334] As discussed above, the district court's dismissal is affirmable. Finally, although Plaintiff claims that defense counsel failed to enter an appearance, Plaintiff gives us no reason to believe that he was prejudiced by the absence of an entry of appearance and no authority for reversal based on this alleged error. [MIO 2-3]

For these reasons, and those in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

6

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**