This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF BELEN,**

Plaintiff-Appellee,

v.                                                                            **NO. 31,964**

**AKER AMEN RA EL-BEY**
**a/k/a LONNIE JOHNS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Robles, Rael & Anaya, P.C.
Marcus Rael, Jr.
Albuquerque, NM

for Appellee

Aker Amen Ra El-Bey
Belen, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant, pro se, appeals from the district court's order finding him guilty of the following traffic offenses: failure to show financial responsibility and display a current valid registration plate. This case was a de novo proceeding in the district court, which was appealed from the municipal court, and the district court remanded to the municipal court for imposition of the same fines and fees set forth in the lower court's order. We issued a notice of proposed summary disposition, proposing to affirm the district court's order. Defendant has filed a response to our notice. We have considered Defendant's response and remain unpersuaded that he has demonstrated error. We, therefore, affirm his convictions.

On appeal, Defendant claims status as an "Indigenous Aboriginal American Moor," specifically a "Washita Moor of the Royal House of Tunic." [DS unpaginated 3-6] Defendant seems to contend that this status should exempt him from the enforcement of state traffic laws. [Id.] He states that he "rejects contracts entered into through coercion," which seems to include state laws. [MIO 1] Defendant believes that he has an absolute right to travel without state regulation.

As we stated in our notice, clearly, it is within the constitutionally ordained police power of the State Legislature to regulate public roads and highways and travel thereon. *See, e.g.*, *Otto v. Buck*, 61 N.M. 123, 130, 295 P.2d 1028, 1033 (1956) ("To state that the subject of regulation of vehicular traffic upon public highways properly

comes within exercise of the police power is but to announce a common-place, against which no one would seriously contend."). This constitutional power undoubtedly includes the Legislative mandate that drivers be licensed, insured, and carry evidence of registration. We continue to point out that these are public documents in which one has no privacy interest and must produce upon the demand of a police officer. *See State v. Reynolds*, 119 N.M. 383, 386, 890 P.2d 1315, 1318 (1995). Again, it is not open for sincere debate that operating a motor vehicle in New Mexico "is a privilege, and not a right." *ACLU v. City of Albuquerque*, 2007-NMCA-092, ¶ 17, 142 N.M. 259, 164 P.3d 958; *In re Suazo*, 117 N.M. 785, 794, 877 P.2d 1088, 1097 (1994) (Baca, J., specially concurring).

Our notice explained the requirements of the New Mexico Traffic Code, which Defendant was found to have violated, and stated that there was no indication that the Volvo Defendant was driving at the time he was issued a traffic citation is among those vehicles exempted and there was no indication that Defendant was specifically exempted from the provisions of the Mandatory Financial Responsibility Act. *See* NMSA 1978, § 66-3-1(A) (2007); NMSA 1978, § 66-3-14(A) (1995); NMSA 1978, § 66-5-205(B) (1998).

Defendant claims an exemption under NMSA 1978, Section 66-5-207(C) (1998) (for "a motor vehicle operated upon a highway only for the purpose of crossing

3

such highway from one property to another." [MIO 5] Defendant did not raise this exemption in his docketing statement and there is no indication that he raised this matter below or presented any evidence to support the application of that exemption. Also, we see no facts in the record to support such an exemption. *See State v. Silver,* 83 N.M. 1, 2, 487 P.2d 910, 912 (Ct. App. 1971) (stating that where the record does not show that the appellant's contention was presented to the trial court, it will not be considered on appeal).

In addition, Defendant attaches several documents to his memorandum in opposition to our notice, which he represents that he filed in district court and made part of that record and which he purports exempt him from the governance of the New Mexico Traffic Code. [MIO 2] Even assuming that these documents were filed in the district court, Defendant does not refer us to controlling authority that recognizes those documents as providing exemption from the New Mexico Traffic Code. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). Defendant's personal rejection of the laws is insufficient. We are not persuaded that Defendant has established that he is not subject to the laws of this state.

We do not understand Defendant's remaining contentions and, therefore, do not address them in this opinion. *See Clayton v. Trotter,* 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that we will review pro se arguments to the best of our ability, but cannot respond to unintelligible arguments).

For the reasons stated above and in our notice, we affirm the district court's order.

**IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**RODERICK T. KENNEDY, Judge**