**UNITED STATES of America,**

v.

**Alejandro FIGUEROA, Defendant.**

**No. 68 Cr. 1024.**

United States District Court
S. D. New York.

May 29, 1969.

See also D.C., 298 F.Supp. 1215.

———◆———

Frederick H. Block, New York City, for applicant.

MEMORANDUM

EDWARD WEINFELD, District Judge.

This is an application by an attorney, appointed pursuant to the Criminal Justice Act, for fair compensation for protracted representation in excess of the limits set forth in 18 U.S.C., section 3006A(d). The attorney, a former Assistant United States Attorney, with considerable experience both as a prosecutor and as an attorney representing defendants in criminal cases, was appointed in January, 1969.

The defendant, for whom the services were rendered, was one of four accused of conspiracy to commit air piracy and also of the substantive crime. The three codefendants, who at gun and knife point forced crew members to divert the plane from its course to Puerto Rico and to land in Cuba, were not brought to trial; they are fugitives from justice, believed to be in Cuba.

When the case was assigned to this Court for trial, both government and defense counsel represented that the trial would require at least ten trial days. However, shortly before the scheduled trial date, the defendant waived trial by jury and the case was tried in four days. The Court found the defendant not guilty and made Findings of Fact, attached hereto.

The attorney has submitted a detailed affidavit of services, which indicates that since his appointment in January, up to the trial, which commenced on May 5, 1969, he was engaged daily in trial preparation, consultations with his client and an investigator, who had been appointed by the Court. During the trial, apart from daily court activity, it is evident there was considerable activity after court hours, particularly since daily minutes were provided.

Defense counsel, in the course of preparation for trial, represented to the Court that the three codefendants might make available evidence of exculpating value to defendant if they could be interviewed in Cuba. As a result, the Court authorized an attorney, a member of the Bar of Puerto Rico, admitted to practice in the United States District Court for Puerto Rico, and a friend of the defendant, to conduct an investigation in Cuba if he could gain admission. The assistance of the State Department was enlisted, but the attorney was not admitted to Cuba, although it appears he rendered some investigative services in connection with the matter.

As far as the petitioning attorney is concerned, not only was he engaged in daily preparation and consultation essential for adequate representation of the defendant, but the nature of the charges required study of the law, particularly since the defendant was not on the plane at the time of the hijacking. The thrust of the government's case centered about the defendant's alleged complicity as an aider and abettor, as defined in section 2 of Title 18, United States Code.

The Court is of the view that protracted preparation was essential to adequate representation of the defendant, particularly since upon a conviction the death penalty could have been imposed (49 U.S.C., section 1472(i) (1) (A)). The circumstance that a waiver of a jury trial reduced by more than half the original trial estimate should not deprive the attorney of compensation based upon protracted preparation and representation. Extensive preparation for trial was essential whether the case was tried to a jury or to the Court.

In the circumstances, the Court approves the application for allowances in the sum of $1,250.00 and disbursements in the sum of $112.89, a total of $1,362.89, subject to the approval of the Chief Judge of the Court of Appeals, and certifies that such payment is necessary to provide fair compensation for protracted representation of the defendant. The Court has made separate allowances for the investigators who were appointed pursuant to court order.