THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM N. SIMS, Defendant—(*In re* APPEAL OF JASON E. BELLOWS, Appellant.)

(No. 53981;

First District—December 17, 1970.

Jason E. Bellows, *pro se.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Anthony Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Attorney Jason E. Bellows was appointed by the Circuit Court of Cook County to represent William Sims, an indigent defendant who was charged with murder. Sims was tried by a jury and found not guilty. At the conclusion of the trial Bellows presented a statement of his services and a petition for attorney fees. The trial court approved a fee of $250.00, the highest amount authorized by statute. Bellows appeals, contending that he is entitled to a higher fee.

This case involves the interpretation of section 113—3(c) of the Code of Criminal Procedure. The section provides that when a court-appointed attorney files a verified statement of the services he has rendered:

"* * * the court shall order * * * a reasonable fee * * * not to exceed * * * $250 in felony cases * * * except that, in extraordinary circumstances, payment in excess of the limits herein

stated may be made if the trial court certifies that such payment is necessary to provide fair compensation for protracted representation * * *." Ill. Rev. Stat. 1969, ch. 38, par. 113—3(c).

Bellows stated in his petition that a hearing on bail, a preliminary motion to suppress evidence and the trial of the case consumed all or part of nine days and that he also attended court on eight days when the case appeared on the call. He stated that he devoted in all 35 hours of court time and 10 hours of out-of-court time to the case. Bellows argues that these were extraordinary circumstances and that his representation of Sims was protracted.

Section 113—3 of the Code of Criminal Procedure is designed to protect the rights of the accused from being impaired by the absence of legal counsel. (*People v. Rebenstorf* (1967), 37 Ill.2d 572, 229 N.E.2d 483.) It provides that a person charged with a crime shall be allowed counsel before pleading to the charge and for the appointment of a public defender or private attorney if he is indigent. It allows expert witness fees in capital cases and, in certain counties, general trial expenses for an indigent defendant.

■■ Subsection (c) of section 113—3 provides for the compensation of court-appointed attorneys. This is the first time this provision has been interpreted on review. The function of the court in construing the provision is to effectuate the intent of the legislature in enacting the statute. This intent may be gathered from the language employed, the reason for the law and the purpose sought to be obtained. (*Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill.2d 514, 153 N.E.2d; *Board of Education of School District No. 148 v. County of Cook* (1963), 42 Ill.App.2d 91, 191 N.E.2d 444.) Prior to 1967 subsections (c) and (d) of section 113—3 provided for a maximum fee of $250.00 in capital cases and a maximum fee of $150.00 in all other criminal cases. There was no provision for payment in excess of these limits for the exceptional case. After the opinion in *People ex rel. Conn. v. Randolph* (1966), 35 Ill.2d 24, 219 N.E.2d 337, the statute was amended in 1967 and it now allows a fee up to $150.00 for representing poor persons charged with a misdemeanor and up to $250.00 in felony cases. There is no special provision for capital cases. The purpose of subsection (c) is to alleviate in some measure the financial burden upon the court-appointed attorney who defends the poor in a criminal case. The amount is lower than an attorney would normally receive from a private client and it is obvious that the legislature did not intend to fully compensate him for his services. The portion of the statute about which we are concerned provides for a fee higher than $250.00 only in cases of "protracted representation" under "extraordinary circumstances." These terms are not subject to

precise definition, but their plain meaning shows that they were meant to apply only to the unusual case.

The excess payment provision in our statute was apparently adopted from the U.S. Criminal Justice Act of 1964, 18 U.S.C. 3006A. This act provides for an hourly rated compensation for court-appointed attorneys with a $500.00 maximum in felony cases. Payment in excess of $500.00 is allowed in language identical to the Illinois provision: in extraordinary circumstances where such payment is necessary to provide fair compensation for protracted representation. This provision has been construed by the federal courts in a number of cases. In the 1967 case of *U.S. v. Aadal*, 280 F.Supp. 866 (S.D.N.Y.), the court said that two criteria for compensation for services rendered in excess of the limit seemed to be emerging: where the trial of the case exceeded two weeks of time spent in court or where a great deal of time is required to be spent in out-of-court preparation. Cases since that time are consistent with this evaluation. (See *U.S. v. Figueroa* (S.D.N.Y. 1969), 299 F.Supp. 1394; *U.S. v. Ursini* (D. Conn. 1968), 296 F. Supp. 1155.) Other factors considered relevant have been the experience of counsel and the reputation he has established, and the knowledge and skill he exercised in the case. *U.S. v. Ursini, supra.*

In federal cases involving facts similar to those at bar, requests for excess payments have been denied. In *U.S. v. Owens* (W. D. Pa. 1966), 256 F.Supp. 861, three attorneys each spent at least 36 hours in the preparation of the case and over 40 hours in court, and in *U.S. v. Thomas* (D. D. C. 1966), 261 F.Supp. 431 22¼ hours were spent out of court and 35 hours in court. Both of these cases were held not to fall within the statutory exception. See also, *U.S. v. Lowery* (D. D. C. 1966), 261 F.Supp. 396 (27 hours spent in court; 44 hours out of court); *U.S. v. Moore* (D. D. C. 1966), 258 F.Supp. 790 (18 hours in court; 51 hours in preparation); *U.S. v. Kingston* (W. D. Pa. 1966), 256 F.Supp. 859 (46 hours in court; 136½ hours in out-of-court preparation).

■■ The length of the trial and the time spent in investigation and preparation are the important standards in determining whether a case falls within the exception of section 113—3(c). Other factors to be considered are the seriousness of the charge, the complexity of the issues, special problems or difficulties which may have been encountered, the knowledge, skill and judgment exercised by counsel and his standing at the bar.

■■ Bellows points out that the minimum fee schedule of the Illinois State Bar Association would authorize a fee of $3,000.00 to $4,000.00 for this case, and that a fee of $10,000.00 would be justified, considering the seriousness of the case, the complexity of the issues and the expertise

of defense counsel. Bellows' experience and ability are not questioned. He has practiced law in this state for 12 years and is a member of a firm which specializes in the defense of criminal cases. He has been chairman of bar association committees on criminal law and defense of prisoners. His services resulted in Sims' acquittal. Nevertheless, his services do not call for a fee in excess of the maximum fixed by statute. Thirty-five hours in court and ten hours in preparing for trial is not the "protracted" representation contemplated by the statute. The time spent was not unusually long for a felony case. With the increasing complicacy of our criminal law and the extensive motion practice that has developed, such time is not infrequently required. It is of no special consequence that appearances were required to answer the court call since that is necessary in every criminal case. Nor are we aware of any extraordinary circumstances. Neither Bellows' petition in the trial court nor his briefs in this court spell out the issues that are alleged to have been complex or the circumstances that are supposed to have been extraordinary. The charge of murder—even where, as here, the death penalty was not requested—is serious, but is not sufficient to bring it within the statutory exception. We believe the commonplace factors of the present case were envisioned by the legislature when it established the $250.00 limit.

■■ Representing the indigent is one of the traditional responsibilities of the bar and it becomes the professional obligation of a lawyer as an officer of the court to accept appointments to defend the poor. (See *People ex rel. Conn v. Randolph* (1966), 35 Ill.2d 14, 219 N.E.2d 337; *U.S. v. Dillon* (9th Cir. 1965), 346 F.2d 633.) This obligation comes with the other responsibilities and privileges which accompany his license to practice law. (*Vise v. County of Hamilton* (1857), 19 Ill.78.) Nonetheless, we are conscious of the burden placed on appointed lawyers and the sacrifice conscientious representation demands. The fee he receives from the public treasury seldom compensates him for his service and may not even meet the maintenance expenses of his law office.

We commend the lawyers of the Illinois bar who by responding to the need for private counsel in many criminal cases fulfill the highest tradition of their profession. Our decision in no way indicates a diminution of our admiration for their service—a service which helps the community realize the goal of equal justice for all.

The order of the Circuit Court is affirmed.

Order affirmed.

SCHWARTZ and McNAMARA, JJ., concur.