(No. 46336.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALLEN SANDERS.—(Chester A. Lizak *et al.*, Appellants.)

*Opinion filed September 27, 1974.*

Chester A. Lizak and Warren L. Swanson, *pro se.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Sheldon Gardner and Edna Selan Epstein, Assistant State's Attorneys, of counsel), for the People.

Frederick F. Cohn, of Chicago, for *amicus curiae* Chicago Bar Association's Committee on Defense of Prisoners.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In February, 1967, the petitioners, Chester Lizak and Warren Swanson, members of the Defense of Prisoners Committee of the Chicago Bar Association, were appointed to represent Allen Sanders, an indigent defendant

accused of the armed robbery and murder of a Chicago police officer. They did so for a period of approximately two years during which time his conviction in a three-week jury trial on both charges resulted in a lengthy prison sentence rather than the death penalty sought by the State. Petitioners in their requests to the circuit court of Cook County for attorneys' fees, pursuant to section 113—3(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 113—3(c)), alleged they had devoted 463 hours to the preparation and trial of the case and asked that the court certify that payment in excess of the $250 statutory limit was necessary to provide fair compensation to them. The trial judge determined that this was not a protracted case involving extraordinary circumstances and ordered that petitioners be paid a total fee of $250 and $50 for expenses. The Appellate Court for the First District affirmed (*In re Lizak*, 14 Ill. App. 3d 1018), and we granted leave to appeal.

Since petitioners disclaim a constitutional basis for their request, the sole issue is whether the trial judge's refusal to certify that the existence of extraordinary circumstances and protracted litigation necessitated payment of fees in excess of the statutory limit as provided by section 113—3(c) constituted an abuse of discretion. That section provides fees for court-appointed attorneys for trial court services as follows:

> "*** the court shall order *** a reasonable fee *** not to exceed *** $250 in felony cases *** except that, in extraordinary circumstances, payment in excess of the limits herein stated may be made if the trial court certifies that such payment is necessary to provide fair compensation for protracted representation, and the amount of the excess is approved by the Chief Judge of the Circuit." Ill. Rev. Stat. 1971, ch. 38, par. 113—3(c).

Prior to 1967, subsections (c) and (d) of section 113—3 provided a $250 fee limit (plus $250 for costs) in capital cases and a $150 limit in all other criminal cases with no provision for excess payment under extraordinary

circumstances. In *People ex rel. Conn v. Randolph,* 35 Ill.2d 24, this court held that the statutory limitation must give way to constitutional considerations in the unusual circumstances of that case where appointed counsel were suffering extreme hardships from loss of private practice and income, and were compelled to expend large out-of-pocket sums in the course of the trial. In that case, counsel were reimbursed for their out-of-pocket expenses and allowed reasonable fees payable out of the budget of the Department of Public Safety since the defendants in the case were penitentiary inmates charged with murder during a prison riot, and the applicable statute provided for payment of the expenses of prosecution from State funds. As this court there indicated, the traditional obligation of an attorney to defend indigent criminal defendants without compensation could not require an attorney to assume the very substantial burdens and financial sacrifices present in that case without reasonable compensation. Subsequently section 113—3 was amended to its present form to allow fees in excess of the $250 limit where certified by the judge as necessary in cases of protracted representation under extraordinary circumstances and approved by the chief judge of the circuit.

This new provision has been interpreted only once prior to this proceeding. In *People v. Sims,* 131 Ill. App. 2d 327, the petitioning attorney represented an indigent charged with murder and spent 10 out-of-court hours and 35 in-court hours on a case which resulted in a jury trial verdict of not guilty. Counsel's request for compensation in excess of the $250 limit was denied by the trial court. The attorney pointed out his experience and ability in criminal cases and suggested that the minimum fee schedule of the Illinois State Bar Association would have authorized a fee of $3,000 to $4,000 for his services. While considering these factors, the appellate court reasoned that the time spent did not amount to protracted representation and was not unusual in a felony case. Further, no

extraordinary circumstances were present. In affirming the trial court it concluded there were present no factors other than the commonplace ones envisioned by the legislature when it established the $250 limit.

Here, too, the appellate court noted that counsel pointed to no issues in the trial court or on appeal which could be deemed to be extraordinary in a murder case, nor was the trial so protracted as to come within the intended exception. That court also observed, as had the trial court, that petitioners were notified at the time of their appointment of the fee limitation. It concluded the trial court did not err in refusing to order payment in excess of the limitation.

Problems relating to the compensation of attorneys appointed to represent indigent defendants are not new. (*Vise v. Hamilton County* (1857), 19 Ill. 78; *Johnson v. Whiteside County* (1884), 110 Ill. 22.) Mr. Justice Schaefer of our court has said that, "In Illinois the work of appointed lawyers in criminal cases is one of the major achievements of the legal profession ***." (Schaefer, *Foreword* to M. Patner, Appointed Counsel's Guide for Illinois Criminal Appeals, at i (1968).) The defense of indigents is one of the traditional services that members of the bar have provided upon court request (*People ex rel. Conn v. Randolph*, 35 Ill.2d 24), for to defend the indigent is to assist the the court in the business before it and is therefore an obligation and a duty of those in the profession to both the court and the public. (*State v. Rush* (1966), 46 N.J. 399, 217 A.2d 441.) On this basis or the related ground that acceptance of a license to practice law includes consent to appointment and uncompensated service to indigents, a large majority of courts have held attorneys appointed to represent indigents have no right to compensation in the absence of a statute or court rule requiring compensation. (See Annot., 21 A.L.R.3d 819 (1968).) As earlier indicated, this court in the unique circumstances of *Conn* at least implicitly

disclaimed the intimation in the 1884 *Johnson* opinion that a court is without power to award compensation in the absence of statutory authorization or in excess of statutory limits.

There are substantial problems involved in providing the necessary representation for indigent criminal defendants. Among those are policy decisions, more properly within the legislative realm, whether such representation shall be supplied through a State or local governmental agency, such as the office of public defender now existing in approximately 2/3 of our counties and the recently established State Appellate Defender system, or by appointed private counsel, or, as we now have, a combination of the two systems. Likewise not easily resolved are the questions of compensation of appointed counsel—shall any compensation be allowed, and, if so, on what basis and by whom?

In this State the legislature had answered these questions by providing that appointed counsel who represent indigents in criminal matters are entitled to a reasonable fee within the statutory limit. Therein lies the problem, for once a departure is made from the concept that attorneys should serve as appointed counsel without compensation, there exists no wholly satisfactory method of determining that compensation at levels approaching the customary hourly rates charged by lawyers without imposing substantial financial burdens upon the State, county or other local unit responsible for payment. The net result, and perhaps all that can be done, is represented by our statute, which lessens the financial burden upon court-appointed counsel by providing nominal compensation within the limits of a maximum to be exceeded only under specified conditions.

In applying this statute the Defense of Prisoners Committee of the Chicago Bar Association and the circuit court of Cook County use a fee schedule which provides $10 per hour for out-of-court time and $15 per hour for

in-court time up to a maximum of $250, in contrast to the schedule authorized by Congress for Federal court use of $20 and $30, up to a maximum of $1,000 (18 U.S.C. sec. 3006A(d)(1), (2) (1970)). We are aware of no persuasive reason for this difference in hourly rates other than the disparity in the statutory limits which has resulted from differing legislative judgments arrived at in balancing the need to provide representation to indigent criminal defendants with economic and political reality.

The legislature has chosen to limit payments in excess of the maximum to cases involving protracted representation and extraordinary circumstances. It is not difficult to apply these standards to situations such as those that arose in *People ex rel. Conn v. Randolph*, 35 Ill.2d 24, but in the less extraordinary cases they are not so easily determined. The legislature has not chosen to categorize felonies by their severity and place payment on that basis, and we cannot say that the serious nature of the crime of murder automatically qualifies a murder case as one with extraordinary circumstances. While certain statistics on jury trials in Cook County submitted by petitioners indicate this case substantially exceeded the average jury trial in length, there is no showing or claim that it substantially exceeded the average jury murder trial in length. Nor was there any showing that unusually complex issues or extraordinary circumstances were present. Ordinarily, the trial judge is in the better position to determine whether extraordinary circumstances and protracted litigation are present in the matters before him, and he did not so find here. We cannot say his judgment constituted an abuse of discretion in these circumstances, except insofar as he indicated his belief that more than one attorney was not necessary to the defendant's defense. That determination had been made initially by the appointing judge, who apparently believed two attorneys were desirable—perhaps to avoid unduly burdening one, although there is no indication of the judge's reasons. In these circumstances

we believe the fact that the trial judge disagreed with the appointing judge ought not to result in less compensation.

We accordingly affirm the appellate and trial court judgments insofar as they deny compensation above the statutory maximum, but direct that those judgments be modified to award the maximum to each attorney.

*Affirmed, with directions.*