**James L. SONTAG, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M-79-715.**

Court of Criminal Appeals of Oklahoma.

June 4, 1981.

---

C. Rabon Martin, Pete Silva, Jr., Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

James L. Sontag, hereinafter referred to as the appellant, is a licensed and practicing member of the Oklahoma Bar, and was directed to serve as legal counsel for Terry Blankenship. Mr. Blankenship had been charged with a crime in Nowata County and was indigent, necessitating the services of court-appointed counsel. The court, pursuant to 22 O.S.1971, § 464,[1] informed the appellant that he would be appointed to represent the defendant, Blankenship, in the matter, to which the appellant respectfully informed the court that he would have to decline to accept. When the court informed counsel that the appointment was an order, counsel again declined the appointment, and was informed by the court that he was in violation of the order. As a result, the appellant was found to be in direct contempt of court and was assessed a one hundred dollar ($100.00) fine.

The appellant has appealed, contending that the conviction for direct contempt of court is invalid. This contention is premised upon the fact that the order imposes involuntary servitude, prohibited by the Thirteenth Amendment to the United States Constitution. Further, the appellant takes the position that 5 O.S.1971, §§ 2, 3 do not require attorneys to submit themselves to compulsory indigent appointments and that the Sixth Amendment rights of an indigent defendant can be protected and upheld without appointing an unwilling attorney to represent a defendant.

None of these contentions are new. Similar claims have withstood attack on grounds that indigent representation assignments constitute involuntary servitude, take private property for public use without just compensation, take property without due process of law and deny equal protection under the law. Essentially the same claims have been rejected in a number of jurisdictions, including Oklahoma. See *Bias v. State*, 568 P.2d 1269 (Okl.1977); *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973); *Dolan v. United States*, 351 F.2d 671 (5th Cir. 1965); *United States v. Dillon*, 346 F.2d 633 (9th Cir. 1965), cert. denied 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469; *People v. Harflinger*, 45 Ill.App.3d 479, 4 Ill.Dec. 28, 31, 359 N.E.2d 861, 864 (1977); *Louisiana v. Doucet*, 352 So.2d 222 (La.1977); *State ex rel. Partain v. Oakley*, 227 S.E.2d 314, 318 (W.Va.1976); *Lindh v. O'Hara*, 325 A.2d 84 (Del.1974); *Daines v. Markoff*, 92 Nev. 582, 555 P.2d 490, 493 (1976); *Jackson v. State*, 413 P.2d 488 (Alaska 1966); *Weiner v. Fulton County*, 113 Ga.App. 343, 148 S.E.2d 143, (1966); *Warner v. Commonwealth*, 400 S.W.2d 209 (Ky.1966); *State v. Clifton*, 247 La. 495, 172 So.2d 657 (1965); *State v. Rush*, 46 N.J. 399, 217 A.2d 441 (1966); *Ruckenbrod v. Mullins*, 102 Utah 548, 133 P.2d 325 (1943); *Presby v. Klickitat County*, 5 Wash. 329, 31 P. 876 (1892); *People ex rel. Conn. v. Randolph*, 35 Ill.2d 24, 219 N.E.2d 337 (1966).

As set forth in *United States v. Dillon*, supra, and noted in a great many of the cases heretofore cited, the 9th Circuit stated:

"... the obligation of the legal profession to serve indigents on court order is

---

1. (See Appendix One, attached.)

an ancient and established tradition, and * * * appointed counsel have generally been compensated, if at all, only by statutory fees which would be inadequate under just compensation principles, and which are usually payable only in limited types of cases. Further, * * * the vast majority of the courts which have passed on the question have denied claims of appointed counsel for non-statutory just compensation, pointing out that representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court, and that the obligation of the legal profession to serve without compensation has been modified only by statute. An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining and to know that one of these traditions is that a lawyer is an officer of the court, obligated to represent indigents for little or no compensation, upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a: 'taking of services'. Cf. *Kunhardt and Co., Inc. v. United States*, 266 U.S. 537, 45 S.Ct. 158, 69 L.Ed. 428 (1925)."

In 1969, in Legal Ethics Opinion No. 256, 40 O.B.J. 1797, it was determined to be unethical for lawyers to refuse to represent indigents in criminal matters without justifiable excuse when so appointed by the court. Further, in no case is an attorney within this jurisdiction appointed to represent an indigent in a criminal matter without statutory compensation.[2] As recognized by our Supreme Court and determined in *Bias v. State*, supra, those statutes which provide for the appointments of indigent representation are not unconstitutional on their face. Extraordinary and additional expenses incurred in the representation of an indigent defendant are items for which the attorney may be compensated and reimbursed. Based on the foregoing, we are of the opinion that the appointment by the District Court of Nowata County of Mr. James Sontag to represent the indigent

criminal defendant was not a violation of the Thirteenth Amendment of the United States Constitution, imposing involuntary servitude, and we so hold. Inasmuch as it is the appellant's contention that the judgment of the court for contempt was invalid for the sole reason that the court was without authority to impose on him the representation appointment, we likewise uphold the judgment and sentence of the trial court. 21 O.S.1971, § 566.

BRETT, P. J., and CORNISH, J., concur.

### APPENDIX ONE
Title 22 O.S.1971, § 464 provides:

If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is financially unable to employ counsel, the court must assign counsel to defend him. The attorney so appointed shall represent said person in the examining magistrate court until he is discharged or bound over by said court and shall receive such compensation as is ordered by the court, not to exceed One Hundred Dollars ($100.00) as approved by a Judge of the District Court. Provided, that in all counties of the State having a city therein of over one hundred thousand (100,000) and less than two hundred twenty-five thousand (225,000) population, according to the last preceding regular Federal Decennial Census, a majority of the District Judges, sitting regularly in said county, shall appoint not to exceed two (2) duly qualified and practicing attorneys to act as counsel in all such cases, who shall serve in such capacity during the tenure of the Judges making such appointment, or until sooner termination thereof by a majority vote of said District Judges. Each of the attorneys so appointed shall receive for such services the sum of Two Hundred Dollars ($200.00) per month, One Hundred Dollars ($100.00) thereof to be paid by the county in which said appointment is made, and One Hundred Dollars ($100.00)

---

**2.** (See Appendices Two, Three and Four, attached.)

thereof to be paid out of the court fund of said county, together with an amount not to exceed Fifty Dollars ($50.00) each per month, out of the court fund, in payment of expenses incurred for transportation, communications, investigations, transcripts and secretarial hire, and shall be precluded from appearing as counsel in any and all other criminal actions.

## APPENDIX TWO

Laws 1979, ch. 238, § 1, 22 O.S.Supp.1980, § 1271 provides:

In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all cases, where counsel is appointed and assigned. for defense, allow and direct to be paid by the county in which such trial is had, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render, such compensation being allowable in any court of record. The attorney shall not be paid a sum to exceed Five Hundred Dollars ($500.00) in any one case, the specific amount to be left to the discretion of the presiding judge. In any county in which a public defender is regularly employed, the court shall appoint such public defender to act as counsel for the defendant. If two or more indigent defendants are charged conjointly, and the public defender cannot justly defend both, the court may appoint and compensate counsel as provided above.

## APPENDIX THREE

Title 22 O.S.1971, § 1074 provides:

Whenever the judge of any court of record within this state shall determine that any person convicted of a crime within his court is without adequate funds or resources to employ legal counsel for the perfection of an appeal, he shall upon request of said convicted person appoint counsel for appeal. Said counsel shall be provided adequate compensation, as fixed by the judge, from the court fund of the county in which the defendant was convicted. Provided, that in any county where a public defender is regularly employed, the judge making a determination of the necessity for counsel to prosecute an appeal shall, where feasible and justice will be served, appoint such public defender to act as such counsel for the defendant for such appeal, and may, if the circumstances justify, allow an additional compensation to such public defender upon the concurrence of a majority of the district judges, if more than one district judge.

## APPENDIX FOUR

Laws 1976, 1st Ex.Sess., ch. 1, § 8, 21 O.S.Supp. 1980, § 701.14 provides:

In all cases, wherein the defendant is subject to the death penalty triable in the State of Oklahoma, where it is satisfactorily shown to the trial court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases, where counsel is appointed and assigned for defense, allow and direct to be paid from the State Judicial Fund, a reasonable and just compensation to the attorney so assigned for such services as they may render such compensation being allowable in any court of record. Provided, however, that such attorney shall not be paid a sum to exceed Two Thousand Five Hundred Dollars ($2,500.00) in any one case, the specific amount to be left to the discretion of the trial judge.