701 P.2d 56 (1985)
David BYE and John P. Gascoyne, Petitioners,
v.
DISTRICT COURT In and For the COUNTY OF LARIMER, and the Honorable John-David Sullivan, one of the Judges thereof, Respondents.
No. 83SA417.
Supreme Court of Colorado, En Banc.
June 10, 1985.
*57 David Bye, John P. Gascoyne, Fort Collins, pro se.
Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for respondents.
NEIGHBORS, Justice.
Pursuant to C.A.R. 21, we issued a rule to show cause to the respondents and simultaneously granted certiorari to review the Colorado Court of Appeals' dismissal of the petitioners' appeal.[1]People v. Vargas, 679 P.2d 1088 (Colo.App.1983). We elected to proceed in this fashion so that we could clarify the procedures available to court-appointed attorneys who seek appellate review of adverse orders concerning their fees under the payment scheme presently in effect. We affirm the court of appeals' judgment and discharge the rule, but remand the case to the trial court for further proceedings.

I.
This dispute involves the amount of fees awarded to two court-appointed attorneys in a criminal proceeding. The defendant, Jorge Vargas, was charged with first-degree murder and the petitioners, David Bye and John Gascoyne, were appointed by the Larimer County District Court to represent him. See § 21-1-105, 8 C.R.S. (1978) (appointment of attorney other than public defender).[2] They accepted the appointment and represented the defendant at a preliminary hearing and at hearings on motions to dismiss and to suppress evidence. The petitioners filed briefs in support of their client's position concerning these matters in the trial court and in connection with the People's interlocutory appeal of the respondent judge's order suppressing evidence. The petitioners also assert that they conducted an extensive investigation and engaged in considerable pretrial preparation.[3]
*58 Approximately two weeks before the scheduled trial date the charge against Vargas was dismissed, apparently on the ground that evidence newly discovered by the People adversely affected the credibility of the People's primary witness.
Approximately five months before dismissal of the information, Bye and Gascoyne filed a motion in the respondent court for the "interim payment" of attorneys' fees. The motion alleged that, because of the defendant's inability to communicate in English, the passage of approximately one year between the date of the homicide and the defendant's arrest, the number of witnesses, and the lengthy hearings, it was "both desirable and financially necessary" for the petitioners to receive interim compensation. The respondent judge granted the motion and authorized the payment of $1,500, stating in his order that "[t]he Court does not approve or disapprove of the time spent in this case...."[4]
Following the dismissal of the charge against Vargas, Bye and Gascoyne petitioned the respondents for an order authorizing payment of attorneys' fees in excess of the maximum allowed. A number of specific grounds calculated to show that the case was unusually complex and time consuming were alleged in the motion. The petitioners summarized these grounds generally:
This case is one of the most involved and complex cases brought in Larimer County in recent years involving, as it does, very stale facts, witnesses from two cultures and two languages, many very transient witnesses who needed to be located and secured, many questions about the physical evidence accumulated, questions about eyewitness testimony, and several complex legal questions regarding evidentiary matters and matters of police propriety.
The motion was accompanied by itemized billing sheets and proposed orders for the payment of attorneys' fees in the amount of $8,717.50 and costs of $789.76.[5]
The respondent judge authorized the payment of $3,000 to Bye and $1,000 to Gascoyne, substantially less than the requested amounts. In his order the respondent noted that the guidelines promulgated by the Chief Justice of the Colorado Supreme Court provided that the maximum payment for a class 1 felony to a court-appointed attorney for representation through trial was $3,000 and $1,000 for disposition prior to trial.[6]See Chief Justice Directive No. 6 (1978). The respondent, while not disputing the amount of time allegedly spent on the case by the petitioners, did "differ with their belief that all of this was necessary or appropriate." The respondent stressed in his written ruling the "contractual arrangements made at the time of the appointment" regarding the maximum allowable fees, and noted his view that the submission of a bill for six times that maximum was "alarming."
Bye and Gascoyne asked the respondent to reconsider or modify his order relating to attorneys' fees, but he denied their motion. *59 The attorneys then appealed to the Colorado Court of Appeals. As noted earlier, that court dismissed the appeal, holding that it had no jurisdiction to consider the issue raised.
The petitioners argue that, in the absence of some more appropriate means of review, the court of appeals should have considered the merits of the claim on appeal.[7] Although we agree that the court of appeals properly dismissed the appeal, we reach that conclusion for different reasons.

II.

A.
We first consider the propriety of exercising our original jurisdiction to review the award of attorneys' fees to court-appointed counsel, and conclude that the dispute in this case is more appropriately resolved in an original proceeding rather than on appeal. Our original jurisdiction is properly invoked "where a trial court has exceeded its jurisdiction or abused its discretion in exercising its functions, and appeal is not an appropriate remedy." Prudential Property & Casualty Insurance Co. of America v. District Court, 617 P.2d 556, 558 (Colo.1980). See also Colo. Const. art. VI, § 3; C.A.R. 21. "Our exercise of original jurisdiction is discretionary and is governed by the facts and circumstances of each case." People v. District Court, 664 P.2d 247, 251 (Colo.1983).
The nature of the order being reviewed in this case persuades us that we should exercise our discretion to review such disputes through original proceedings. First, under the present scheme providing for the payment of attorneys' fees to court-appointed counsel, trial court orders concerning such fees are largely administrative in nature. Second, orders for the payment of fees are collateral to the merits of the underlying action. Thus, neither the People nor the defendant, the named parties in the case, generally has any interest in the dispute over attorneys' fees.[8]
The guidelines for the payment of fees to court-appointed counsel are contained in the Chief Justice Directives, which are policy statements promulgated pursuant to this court's general power to administer the Colorado judicial system. Article VI, § 5(2) of the Colorado Constitution provides that the chief justice is "the executive head of the judicial system," and article VI, § 2 provides that this court "shall have a general superintending control over all inferior courts...."
At the time the fees here were ordered, the pertinent directive provided:
If a judge orders a fee exceeding the maximum permitted by the schedule above, a justification signed by the judge setting forth the specific unusual facts and circumstances of the particular case justifying the excess fee shall accompany the fee order. Form orders of justification, conclusory statements, and mere recapitulation of time shown on the order for attorney fees form are not acceptable as justification for a fee in excess of the maximum and shall be returned for amplification or correction in accordance with this directive.
Chief Justice Directive No. 6 (1978).[9] The directive now in effect explicitly provides *60 for review by the state court administrator's office of all orders for the payment of fees to determine that there has been compliance with all regulations and that the file is complete. Chief Justice Directive 85-24(5)(B) (1985).
The process by which these fees are paid and the determination by a trial court whether to authorize fees in excess of the specified maximums are essentially administrative functions. This court has the power to control the financial expenditures of public funds ordered by the judiciary so as to accomplish its overall aim of administering justice. See Pena v. District Court, 681 P.2d 953 (Colo.1984). We have "adopted the general rule that the judicial branch of government possesses the inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities." Id. at 956. We consider it a corollary to this principle that this court should oversee the administration of public funds earmarked for the payment of fees to court-appointed attorneys. This will entail, in cases such as that presented here, resolving disputes over the amount and payment of such fees, and, if necessary, compelling the lower courts to order appropriate payments to court-appointed attorneys. Cf. Luke v. County of Los Angeles, 269 Cal.App.2d 495, 74 Cal. Rptr. 771 (1969); State v. Rush, 46 N.J. 399, 217 A.2d 441 (1966) (courts have inherent power to compensate court-appointed counsel for indigent defendants).
A secondary circumstance persuading us that this particular dispute is best adjudicated in an original proceeding is the collateral nature of the claim for attorneys' fees. Where, as here, the underlying criminal action has been dismissed and no appeal of any other issue has been pursued, neither the defendant nor the prosecutor has any continuing interest in the outcome of the dispute. As the court of appeals correctly pointed out, the parties to the controversy after dismissal of the criminal charges are the attorneys and the trial court, and the appropriate caption in an original proceeding more accurately reflects that adversarial status.
These considerations persuade us that these fee controversies should generally be resolved through the exercise of our original jurisdiction. We agree with the Supreme Court of Iowa, which established a similar procedure in that state: "[W]e deem it necessary to indicate that the proper mode to obtain review of trial court's determination of reasonable compensation is to petition this court for an original writ of certiorari, alleging trial court exceeded its jurisdiction or otherwise acted illegally." Furey v. Crawford County, 208 N.W.2d 15, 19 (Iowa 1973). See also Arnelle v. City and County of San Francisco, 141 Cal.App.3d 693, 190 Cal.Rptr. 490 (1983) (court-appointed attorney may seek review of fee award through writ of mandamus).

B.
While it is unnecessary for us, in resolving the present dispute, to address the attorney's fee question arising in those cases in which a party to the underlying action appeals, we do so in order to provide guidance to the bench and bar. We conclude that where there is an appeal on some aspect of the underlying action, the court-appointed attorney challenging the amount or payment of fees may raise that issue on appeal, without the necessity of bringing an independent original proceeding.
Although we agree, for the reasons stated in section II.A. of this opinion, that *61 the court of appeals properly dismissed the petitioners' appeal in this case, we reject that court's holding that it lacked jurisdiction to adjudicate the issue. Section 13-4-102(1), 6 C.R.S. (1973), provides that "the court of appeals shall have initial jurisdiction over appeals from final judgments of the district courts...." We have defined a final judgment as one "leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." D.H. v. People, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977) (quoting Stillings v. Davis, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965)). The trial court's order pertaining to attorneys' fees satisfied this requirement of finality and could properly have been reviewed on appeal by the court of appeals.[10]
In our view, considerations of judicial economy and administrative convenience dictate that the appellate courts adjudicate questions regarding attorneys' fees awarded to court-appointed counsel when that court decides the other issues raised by the appeal of the underlying action. When the underlying action has been appealed, the appellate court's review of the record will frequently afford it a familiarity with the case that will assist it in resolving the collateral dispute over fees. In such a situation, we consider it potentially wasteful of judicial resources to require court-appointed attorneys to file a separate petition in an original proceeding to obtain review of issues that can conveniently and effectively be reviewed by the appellate court. Cf. Cherry Hills Farms v. City of Cherry Hills Village, 670 P.2d 779 (Colo.1983) (considerations of judicial efficiency warrant the review on appeal of issues not properly raised below). Thus, we hold that the appellate court should resolve disputes over orders concerning fees to court-appointed attorneys when a party has appealed some other aspect of the case and the matter is otherwise properly before the appellate court.[11]

III.
Although, as we have previously noted, the merits of this dispute are properly before us in this original proceeding, the attenuated record presented to this court prevents us from resolving this matter. The record in the trial court has been destroyed pursuant to that court's procedures and this court is unable to assess the nature, complexity, and length of the various pretrial proceedings.
More importantly, however, this court has been presented with only the sparsest findings by the trial court concerning *62 the justifications for payment or disallowance of the claimed fees and costs. The order awarding fees in the amount of $4,000 and costs in the amount of $13.99, while it discusses in general terms the trial court's view that the contractual maximum is determinative, merely recites that "[a]fter considering all the factors and circumstances" the sum awarded is appropriate. The order contains no explication of the factors considered, nor does it specify which "cost" items were paid as legitimate and which costs were disallowed. These cursory findings do not satisfy the requirement of the pertinent Chief Justice Directive that the "specific unusual facts and circumstances of the particular case justifying the excess fee" be explicitly set out by the trial court. Chief Justice Directive No. 6 (1978). Thus, once fees in excess of the maximum are awarded, the trial court must make factual findings justifying those fees, regardless of whether that figure is the total claimed by the attorneys or some lesser amount fixed by the court.
Under these circumstances the paucity of findings concerning the payment of fees in excess of the maximum and the payment of costs renders it impossible for this court to adequately review that order. Thus, it is necessary to remand this matter to the trial court for further and more specific findings concerning attorneys' fees and costs.
The judgment of the court of appeals is affirmed. The rule to show cause is discharged and the case is remanded to the district court with directions to conduct further proceedings consistent with this opinion.
NOTES
[1] When we granted the petitioners' petition we entered an order directing that all further pleadings contain the present caption of this case in order to reflect the true parties to the controversy.
[2] The Colorado State Public Defender was appointed to represent Xavier Villa, a co-defendant. Thus, the public defender properly declared a conflict of interest and the petitioners were appointed by the respondent judge to represent Vargas.
[3] The petition filed with this court alleges that, by way of pretrial preparation, the attorneys interviewed dozens of potential witnesses, many of whom spoke little English, and several of whom lived in other states. The petition also states that voluminous written and tape recorded material was reviewed in preparation for trial. Bills detailing work totalling 66.4 hours for Gascoyne and 263.1 hours for Bye were submitted to the trial court.
[4] The documents presented to this court do not reflect the actual payment of this interim amount, and the petitioners assert that it "was not paid because other necessary paperwork was not processed."
[5] These figures represent the totals claimed for the attorneys' representation of Vargas. The amount requested for costs included expenditures for such items as telephone charges, copying costs, postage, and the expense associated with polygraph examinations. Since it appears that the interim sum authorized by the court was not actually paid, see supra note 3, the total amounts awarded to the attorneys were $4,000 in attorneys' fees and $13.99 in costs. The court's order does not reflect which of the "cost" items were paid and which were disallowed. See section 21-1-105, 8 C.R.S. (1978), which provides for reimbursement of expenses incurred by court-appointed attorneys.
[6] The pertinent directive actually provided for maximum compensation of $1,500 for court-appointed counsel in cases resolved prior to trial. This amount is referred to later in the trial court's order and the error regarding the maximum is apparently typographical in nature. See Chief Justice Directive No. 6 (1978).
[7] The petitioners contend that either appeal or original proceedings are appropriate to review this issue and they petitioned on alternate grounds; however, they assert that a direct appeal should be allowed in the absence of other prescribed procedures.
[8] Under some circumstances, however, the defendant may have an interest in the amount of attorney's fees awarded to the lawyer. See section 21-1-106, 8 C.R.S. (1984 Supp.), which provides for recoupment of attorney's fees and costs from a defendant whom the court finds is able to pay all or part of the expenses of his representation.
[9] Chief Justice Directive 85-24(3), presently in effect, provides:

B. Approval of Payments. All judges shall carefully review all Orders For Payment submitted to them for approval. Approval should not be automatic. The court should exercise discretion and determine if the hours and the fees are reasonable.
C. Fees in Excess of the Maximum. Established maximum fees are maximums for the professional services performed, exclusive of allowable incidental expenses. The sitting judge must specifically authorize all payments in excess of the maximums. The Order for Payment must include a motion for such payment from the appointed attorney and an approving court order by the judge. These documents must set forth the specific unusual facts and circumstances that justify a fee in excess of the maximum. Mere recapitulation of the time expended on the case is not acceptable as justification for a fee in excess of the maximum and shall be returned for reconsideration and amplification by the approving judge.
[10] The attorneys in the circumstances of this case are also proper parties to appeal the trial court's order regarding their fees. In order for a person to appeal an adverse decision of a lower court, "[h]e must either be a party to the action or he must be a person substantially aggrieved by the disposition of the case in the lower court." Miller v. Clark, 144 Colo. 431, 432, 356 P.2d 965, 966 (1960). See also Kornfeld v. Perl Mack Liquors, Inc., 193 Colo. 442, 567 P.2d 383 (1977). The attorneys in this case fall within the latter category, as persons aggrieved by the trial court's order, and, thus, are proper parties to appeal that order. See MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla.1973) (attorney has standing to appeal fee authorized for defense of indigent criminal defendant).
[11] We note that the appellate processes of numerous jurisdictions have accommodated claims of inadequate fees made by attorneys in connection with the representation of indigent criminal defendants. E.g., Jackson v. State, 413 P.2d 488 (Alaska 1966); Lindh v. O'Hara, 325 A.2d 84 (Del.1974); MacKenzie v. Hillsborough County, 288 So.2d 200 (Fla.1973); People v. Sanders, 58 Ill.2d 196, 317 N.E.2d 552 (1974); Lowery v. State, 471 N.E.2d 258 (Ind.1984); State v. Zimmer, 198 Kan. 479, 426 P.2d 267 (1967); Matter of Burgess, 69 Mich.App. 689, 245 N.W.2d 348 (1976); State v. McDonald, 187 Neb. 752, 194 N.W.2d 183 (1972); Brackenbrough v. State, 92 Nev. 460, 553 P.2d 419 (1976) (denial of motion for fees in state supreme court with leave to reurge same in trial court subject to appellate review); Bias v. State, 568 P.2d 1269 (Okla. 1977); State v. Apodaca, 252 Or. 345, 449 P.2d 445 (1969); Tappe v. Circuit Court, 326 N.W.2d 892 (S.D.1982); State v. Mempa, 78 Wash.2d 530, 477 P.2d 178 (1970); State v. Sidney, 66 Wis.2d 602, 225 N.W.2d 438 (1975). Similarly, jurisdictions have adjudicated on appeal the denial or refusal to pay attorney's fees to the court-appointed attorney for an indigent criminal defendant. E.g., Flannery v. Commonwealth, 443 S.W.2d 638 (Ky.1969); Commonwealth v. Henderson, 113 Pa.Super. 348, 173 A. 868 (1934).